UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>LINTON NICHOLSON,<br>　　　　Defendant. | Case No. 19-cr-00551-RS-1<br><br>**ORDER GRANTING MOTION TO TERMINATE SUPERVISED RELEASE** |

Defendant Linton Nicholson moves for termination of supervised release. Nicholson pleaded guilty to possession with intent to distribute methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking crime in the District of Hawaii in 2013. He was sentenced to 33 months of imprisonment on the drug count, followed by 60 months on the firearm count. He was released in 2019 and began a five-year term of supervised release.

Nicholson secured employment as a shelter monitor, and has maintained that employment since his release. He is now engaged, and has built a stable life after a troubled upbringing, in which both of his parents were incarcerated. Nicholson is considering applying for jobs in security, or at the San Francisco Homeless Outreach Team, but cannot do so because he is on supervised release. He is also considering becoming an electrician, but fears being under supervision would hinder his ability to begin this new career. Nicholson has not had a single violation while on supervised release.

Nicholson notes the Ninth Circuit recently confirmed that neither a change in behavior, undue hardship, nor exceptional circumstances are required to terminate supervised release.

*United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). The court held that under 18 U.S.C. § 3583(e), "a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (citations omitted). Exceptional circumstances may be cause to terminate supervised release, but they are not required. Courts must also consider some of the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3583(e).

Nicholson argues he should be released because he served a long prison sentence, and has now been reformed. There is no further deterrent effect, and no suggestion that he would commit crimes absent supervision. He does not receive any services, and no more payments are due.

The government opposes termination primarily because of the seriousness of the offenses Nicholson committed. It also argues termination would be "too soon," and that Nicholson has not identified specific barriers supervision is imposing on his life. The Probation Office echoes the concern about the seriousness of his offenses, and also notes that his Post-Conviction Risk Assessment Score indicates some risk of reoffending. (Nicholson disputes the accuracy of this metric.)

Termination of supervised release is warranted here. Nicholson's offenses were serious, to be sure. Yet supervised release is not meant to be punitive. *See* 18 U.S.C. Section 3583(c) (directing courts to consider some of the 18 U.S.C. § 3553(a) factors and excluding the factor concerning just punishment); *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."). Nicholson has successfully reintegrated into the community. Although it is impossible to be certain Nicholson will not reoffend absent supervision, three years of a clean record establishes that more years of supervision is not justifiable. The government's argument that Nicholson does not identify the ways supervision is holding him back misses the mark, at least somewhat. Nicholson has identified jobs to which he wishes to apply that he cannot while on supervision. Supervision, at this point, is only a hindrance to him and a waste of taxpayers' resources. Termination is warranted by the conduct of the defendant, consideration of the 3553(a) factors,

and it is in the interest of justice.

Nicholson's motion for termination of supervised release is granted.

**IT IS SO ORDERED**.

Dated: July 14, 2022

_____
RICHARD SEEBORG
Chief United States District Judge